## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:12CR307** |
| v. | |
| JAMIE WALKER, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on defendant Jamie Walker's ("Walker") Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Filing No. 87). She seeks compassionate release based on that statute, as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated below, Walker's motion is denied.

On January 17, 2013, Walker pleaded guilty to Count I of the Indictment (Filing No. 1), charging her with conspiracy to distribute five grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). She was sentenced to 140 months in prison, followed by 5 years of supervised release. Before the instant offense, Walker had five prior convictions for felony drug possession and a prior weapons charge. Walker argues the Court should reduce her sentence based on her lingering symptoms from COVID-19 and her fear of contracting the virus a second time.

Section 3582(c)(1)(A)(i) permits Walker to move for a sentence reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [her] facility, whichever is earlier." It appears, and the government does not argue otherwise, that Walker satisfied this procedural requirement.

Although Walker has exhausted her administrative remedies, she is not entitled to compassionate release because she has not presented extraordinary and compelling reasons to

support a sentence reduction.  In deciding whether to grant a reduction, the Court considers the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense.  A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation.  *Id.*

The Court must also consider the safety of the community should the defendant be released, 18 U.S.C. § 3142(g), and ensure the relief sough is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," *Id.* § 3582(c)(1)(A).  The first application note to policy statement § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director.  U.S.S.G. § 1B1.13 cmt. n.1.  The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]."  *Id.* § 1B1.13 cmt. n.3.

In support of her motion, Walker cites the nonviolent nature of her crime, her good behavior while incarcerated, and the fact that she has served most of her sentence.  She also states she has a solid release plan in place.  The government argues Walker would be a danger to the community, as "demonstrated by her prior record consisting of multiple convictions for drug offenses" and her status as a "career offender."

Walker also discusses her prolonged symptoms after having contracted COVID-19, such as "exhaustion, chest pain, and cognitive symptoms."  She states she had the COVID-19 virus and was placed in quarantine for thirty days with little medical care.  Although she has now recovered, she continues experiencing latent effects from the virus.  She cites research from the Centers for Disease Control, noting the emergence of new strains of COVID-19 and

---

[1]This policy statement predates the First Step Act, so it does not control the analysis here, but the Court still finds it helpful.  *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

possibility of contracting the virus again.  Walker fears she may catch the virus for a second time.  Walker is 48 years old and otherwise in good health.

The government acknowledges Walker's health complications stemming from the virus but maintains they are normal and her "physical condition would remain the same whether or not she is released."  The government also contends Walker's "motion does not address the measures that BOP is undertaking to prevent any spread," such as the "suspension of social visitation, internal inmate movements, legal visits, official staff travel, training, access by volunteers and many contractors; extensive screening of staff and inmates (including screening of all new inmates); quarantine; and modified operations to maximize social distancing as much as practicable."

Although the Court is sympathetic to Walker having contracted the virus and experiencing prolonged symptoms, Walker now appears to have recovered and presents no other medical conditions known to cause serious complications should she contract the virus again.  In sum, she presents no "extraordinary or compelling" reasons to grant compassionate release.

Based on the foregoing, Walker's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied.

IT IS SO ORDERED.

Dated this 2nd day of February 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

3